### BERGER v. MANDEL et al.

#### (Supreme Court, Appellate Term. December 13, 1898.)

MASTER AND SERVANT—CONTRACTORS—COSTS—EXECUTION.

> One who was paid by the piece for labor performed, and conducted her work in a room rented by her, and employed and paid three girls to assist her at from $3 to $6 per week, was not an employé, but a contractor, and hence was not entitled to extra costs as in an action for wages (Consol. Act, § 1424; Code Civ. Proc. §§ 3131, 3222), nor to an execution against the person (Code Civ. Proc. § 3221).

Appeal from municipal court, borough of Manhattan, First district.

Action by Clara Berger against Mendel Mandel and others. There was a judgment for plaintiff, and she appeals. Affirmed.

The action was for work, labor, and services performed as a female employé other than a domestic. The pleadings were oral, and the answer was a general denial, and alleged a breach of contract. By consent of the defendants' attorney, the justice gave plaintiff a judgment for the full amount claimed, but refused to allow the extra costs provided by section 1424 of the consolidation act and sections 3131 and 3222 of the Code of Civil Procedure, or to insert in the judgment a provision that an execution against the person may issue, pursuant to section 3221 of the Code of Civil Procedure. The plaintiff then brought on this appeal.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Jacob Rieger, for appellant.
Leopold W. Harburger, for respondents.

PER CURIAM. The appellant, who was paid for the various items of service performed by her, and not a stated salary, conducted her work in a room rented at her own expense, and employed and paid three girls to assist her therein at wages ranging from $3 to $6 per week. Under these circumstances she was not an employé, but a contractor, and therefore was neither entitled to extra costs nor to an execution against the person.

Judgment affirmed, with costs.